**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| David R. Kunze, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER ADOPTING** |
| | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| | ) | |
| Leann K. Bertsch, et al., | ) | Case No. 1:05-cv-104 |
| | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff, David R. Kunze filed, this pro se civil rights action under 42 U.S.C. § 1983 on August 29, 2005. Magistrate Judge Charles S. Miller, Jr. conducted an initial review as mandated by 28 U.S.C. § 1915A, and submitted a Report and Recommendation. Judge Miller recommended that several of Kunze's claims be dismissed and that the remaining claims be permitted to proceed and limited to requests for injunctive or other appropriate equitable relief. Kunze was then given ten (10) days to file an objection to the Report and Recommendation.

On January 11, 2006, Kunze filed an objection to the Report and Recommendation. (Docket No. 11). In his objection, Kunze contends that he intended to name the individual defendants in their personal capacity and never intended to sue the State of North Dakota. Knuze also states that he disagrees with the conclusion that several of his claims are frivolous. However, Kunze failed to provide legal authority for his assertion that all of the claims should proceed.

The Court has carefully reviewed the Report and Recommendation, relevant case law, and the record as a whole and finds the Report and Recommendation to be persuasive. The Court **ADOPTS** the Report and Recommendation (Docket No. 9) in its entirety. As a result, Kunze is

1

permitted to proceed with the following claims, but limited to requests for injunctive or other appropriate equitable relief:

- a) Claim 7 alleging prison officials have held him in extended segregated confinement in retaliation for his having commenced the 2003 civil rights action.
- b) Claim 8 alleging that the duration and conditions of his segregated confinement constitutes cruel and unusual punishment in violation of the Eighth Amendment.
- c) Claim 11 alleging interference with non-legal mail.
- d) Claim 12 alleging confiscation of his reading material in violation of the First Amendment.

The following claims shall be **DISMISSED** with prejudice for failure to state a claim and because the claims are frivolous:

- a) Claim 1 alleging his rights to due process and equal protection were violated because the penitentiary's disciplinary committee consisted of two, as opposed to three, members.
- b) Claim 5 alleging that Kunze has been denied treatment for throat cancer in violation of his Eighth Amendment Rights.

The following claims shall be **DISMISSED** without prejudice:

- a) Claim 2 alleging that the disciplinary committee deprived Kunze of his due process and equal protection rights during the 2005 Disciplinary Action in that it failed to provide him with written statements obtained from penitentiary guards and "force reports" prior to his disciplinary hearing.

    b)    Claim 3 alleging that the disciplinary committee deprived Kunze of his due process and equal protection rights during the 2005 Disciplinary Action in that it failed to provide him with exculpatory investigative reports prior to his disciplinary hearing.

    c)    Claim 4 alleging that the 2005 Disciplinary Action was brought by prison officials in retaliation for his having commenced the 2003 civil rights action and was based upon lies and false information provided by prison officials.

    d)    Claim 6 alleging Kunze was falsely convicted of an administrative violation in November 2002 resulting in his being placed in segregated confinement.

    e)    Claim 9 alleging that the penitentiary's legal assistance program does not meet constitutional standards.

    f)    Claim 10 alleging interference with legal mail.

The plaintiff's requests for damages shall be **DISMISSED** because the Eleventh Amendment bars any damage relief given that the defendants are only sued in their official capacities. The Clerk of Court is directed to file Kunze's typed proposed amended complaint lodged with the Court on October 20, 2005.

With respect to Kunze's request to amend his complaint to set forth his intention to sue the individual defendants in their individual capacities, the Court will not grant such a request until Kunze specifically identifies those individuals whom he alleges were involved in each of the respective claims. In other words, Kunze must provide the Court with a proposed amended complaint which clearly identifies the individuals allegedly involved in each of the claims 7, 8, 11, and 12, and which clearly names these individuals sued in their individual capacity in the caption of the proposed amended complaint. The Court has dismissed claims 1, 2, 3, 4, 5, 6, 9, and 10, and

any allegations regarding such claims should not be included in the proposed amended complaint. Kunze must submit his proposed amended complaint no later than Friday, January 27, 2006. A failure to file a proposed amended complaint within that time frame may be treated as an abandonment of the intent to sue these individuals in their individual capacity.

**IT IS SO ORDERED**.

Dated this 12th day of January, 2006.

_____
Daniel L. Hovland, Chief Judge
United States District Court